AO 257 (Rev. 6/78)

| DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT |
|---|

BY: ☐ COMPLAINT  ☐ INFORMATION  ☒ INDICTMENT  ☐ SUPERSEDING

**OFFENSE CHARGED**

SEE ATTACHED.

☐ Petty
☐ Minor
☐ Misdemeanor
☒ Felony

PENALTY: SEE ATTACHED.

Name of District Court, and/or Judge/Magistrate Location

NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION    AUG - 6 2020

FILED
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

**DEFENDANT - U.S**

▶ JOSE IGNACIO OCHOA AKA "DIVER"

DISTRICT COURT NUMBER

CR 20 0317 JSW

**DEFENDANT**

**PROCEEDING**

Name of Complaintant Agency, or Person (& Title, if any)

FBI

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
  ☐ U.S. ATTORNEY  ☐ DEFENSE
} SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant
} MAGISTRATE CASE NO.

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

Name and Office of Person Furnishing Information on this form   DAVID L. ANDERSON
☒ U.S. Attorney  ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned)   Samantha Schott Bennett

**IS NOT IN CUSTODY**
Has not been arrested, pending outcome this proceeding.
1) ☒ If not detained give date any prior summons was served on above charges ▶ _____

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**
4) ☐ On this ███████████████████
5) ☐ On another conviction  } ☐ Federal ☐ State
6) ☐ Awaiting trial on other charges
If answer to (6) is "Yes", show name of institution
_____

Has detainer been filed?  ☐ Yes  ☐ No  } If "Yes" give date filed _____

DATE OF ARREST ▶ Month/Day/Year _____
Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED ▶ Month/Day/Year _____
TO U.S. CUSTODY

☐ This report amends AO 257 previously submitted

**ADDITIONAL INFORMATION OR COMMENTS**

PROCESS:
☐ SUMMONS  ☐ NO PROCESS*  ☒ WARRANT   Bail Amount: NO BAIL

If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Defendant Address:

Date/Time: _____   Before Judge: _____

Comments:

PENALTY SHEET FOR JOSE IGNACIO OCHOA, aka "DIVER"

**FILED**
AUG - 6 2020
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

CR 20 _ 0317

JSW

**Count One: Possession with Intent to Distribute Cocaine, 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(ii)**
Maximum term of imprisonment: 40 years
Mandatory minimum term of imprisonment: 5 years
Maximum term of supervised release: Life
Mandatory minimum term of supervised release: 4 years
Maximum fine: $5,000,000
Mandatory special assessment: $100
Forfeiture
Denial of federal benefits

**Count Two: Possession with Intent to Distribute Heroin, 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(i)**
Maximum term of imprisonment: 40 years
Mandatory minimum term of imprisonment: 5 years
Maximum term of supervised release: Life
Mandatory minimum term of supervised release: 4 years
Maximum fine: $5,000,000
Mandatory special assessment: $100
Forfeiture
Denial of federal benefits

**Count Three: Possession with Intent to Distribute Methamphetamine, 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(viii)**
Maximum term of imprisonment: 40 years
Mandatory minimum term of imprisonment: 5 years
Maximum term of supervised release: Life
Mandatory minimum term of supervised release: 4 years
Maximum fine: $5,000,000
Mandatory special assessment: $100
Forfeiture
Denial of federal benefits

**Count Four: Possession with Intent to Distribute Fentanyl, 21 U.S.C. §§ 841(a)(1) and (b)(1)(C)**
Maximum term of imprisonment: 20 years
Maximum term of supervised release: Life
Mandatory minimum term of supervised release: 3 years

Maximum fine: $1,000,000
Mandatory special assessment: $100
Forfeiture
Denial of federal benefits

**Count Five: Possession of a Firearm in Furtherance of a Drug Trafficking Crime, 18 U.S.C. § 924(c)(1)(A)(i)**
Maximum term of imprisonment: Life
Mandatory minimum term of imprisonment: 5 years
Maximum term of supervised release: 5 years
Maximum fine: $250,000
Mandatory special assessment: $100
Forfeiture

**Count Six: Felon in Possession of a Firearm and Ammunition, 18 U.S.C. § 922(g)(1)**
Maximum term of imprisonment: 10 years
Maximum term of supervised release: 3 years
Maximum fine: $250,000
Mandatory special assessment: $100
Forfeiture

FILED
AUG -6 2020
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

JSW

CR 20 _ 0317


# United States District Court

FOR THE
**NORTHERN DISTRICT OF CALIFORNIA**

VENUE: Oakland

FILED
AUG -6 2020
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

V.

JOSE IGNACIO OCHOA,
aka "Diver,"

JSW

CR 20_0317

DEFENDANT.

INDICTMENT

21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(ii) – Possession with Intent to Distribute Cocaine;
21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(i) – Possession with Intent to Distribute Heroin;
21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(viii) – Possession with Intent to Distribute Methamphetamine;
21 U.S.C. §§ 841(a)(1) and (b)(1)(C) – Possession with Intent to Distribute Fentanyl;
18 U.S.C. § 924(c)(1)(A)(i) – Possession of a Firearm in Furtherance of a Drug Trafficking Crime;
18 U.S.C. § 922(g)(1) – Felon in Possession of a Firearm and Ammunition;
21 U.S.C. § 853, 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c) – Forfeiture Allegations

A true bill.

/s/ Foreperson of the Grand Jury
Foreman

Filed in open court this 6th day of
August, 2020

Susan van Keulen
Magistrate Judge van Keulen      Clerk

Bail, $ No Bail



DAVID L. ANDERSON (CABN 149604)
United States Attorney

FILED
AUG - 6 2020
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> JOSE IGNACIO OCHOA, <br> aka "Diver," <br><br> Defendant. | CASE NO. CR 20-0317 JSW <br><br> VIOLATIONS: <br><br> 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(ii) – Possession with Intent to Distribute Cocaine; <br> 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(i) – Possession with Intent to Distribute Heroin; <br> 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(viii) – Possession with Intent to Distribute Methamphetamine; <br> 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) – Possession with Intent to Distribute Fentanyl; <br> 18 U.S.C. § 924(c)(1)(A)(i) – Possession of a Firearm in Furtherance of a Drug Trafficking Crime; <br> 18 U.S.C. § 922(g)(1) – Felon in Possession of a Firearm and Ammunition; <br> 21 U.S.C. § 853, 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c) – Forfeiture Allegations |

INDICTMENT

The Grand Jury charges:

COUNT ONE:   (21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(ii) – Possession with Intent to Distribute Cocaine)

On or about June 12, 2019, in the Northern District of California, the defendant,

JOSE IGNACIO OCHOA,
aka "Diver,"

INDICTMENT

did knowingly and intentionally possess with intent to distribute 500 grams and more of a mixture and substance containing a detectable amount of cocaine, its salts, optical and geometric isomers, and salts of its isomers, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B)(ii).

COUNT TWO:   (21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(i) – Possession with Intent to Distribute Heroin)

On or about June 12, 2019, in the Northern District of California, the defendant,

JOSE IGNACIO OCHOA,
aka "Diver,"

did knowingly and intentionally possess with intent to distribute 100 grams and more of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B)(i).

COUNT THREE:   (21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(viii) – Possession with Intent to Distribute Methamphetamine)

On or about June 12, 2019, in the Northern District of California, the defendant,

JOSE IGNACIO OCHOA,
aka "Diver,"

did knowingly and intentionally possess with intent to distribute 50 grams and more of a mixture and substance containing a detectable amount of methamphetamine, its salts, isomers, and salts of its isomers, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B)(viii).

COUNT FOUR:   (21 U.S.C. §§ 841(a)(1) and (b)(1)(C) – Possession with Intent to Distribute Fentanyl)

On or about June 12, 2019, in the Northern District of California, the defendant,

JOSE IGNACIO OCHOA,
aka "Diver,"

INDICTMENT                                          2

did knowingly and intentionally possess with intent to distribute a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

COUNT FIVE:  (18 U.S.C. § 924(c)(1)(A)(i) – Possession of a Firearm in Furtherance of a Drug Trafficking Crime)

On or about June 12, 2019, in the Northern District of California, the defendant,

JOSE IGNACIO OCHOA,
aka "Diver,"

did knowingly possess a firearm, namely, a Ruger Security-Six .357 magnum revolver, bearing serial number 157-48147, in furtherance of the drug trafficking crimes charged in Counts One through Four of this Indictment, all in violation of Title 18, United States Code, Section 924(c)(1)(A)(i).

COUNT SIX:  (18 U.S.C. § 922(g)(1) – Felon in Possession of a Firearm and Ammunition)

On or about June 12, 2019, in the Northern District of California, the defendant,

JOSE IGNACIO OCHOA,
aka "Diver,"

knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed a firearm, namely, one Ruger Security-Six .357 magnum revolver, bearing serial number 157-48147, loaded with ammunition, namely, six rounds of Hornaday ammunition, and the firearm and ammunition were in and affecting interstate and foreign commerce, all in violation of Title 18, United States Code, Section 922(g)(1).

FIRST FORFEITURE ALLEGATION:  (21 U.S.C. § 853(a))

The allegations contained above are hereby re-alleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 21, United States Code, Section 853(a).

Upon conviction of any of the offenses alleged in Counts One through Four above, the defendant,

JOSE IGNACIO OCHOA,
aka "Diver,"

shall forfeit to the United States all right, title, and interest in any property constituting and derived from any proceeds defendant obtained, directly or indirectly, as a result of such violations, and any property used, or intended to be used, in any manner or part, to commit or to facilitate the commission of such violations.

If any of the property described above, as a result of any act or omission of the defendant:

a. cannot be located upon exercise of due diligence;
b. has been transferred or sold to, or deposited with, a third party;
c. has been placed beyond the jurisdiction of the court;
d. has been substantially diminished in value; or
e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

All pursuant to Title 21, United States Code, Section 853, and Federal Rule of Criminal Procedure 32.2.

SECOND FORFEITURE ALLEGATION:   (18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c))

The allegations contained in this Indictment are re-alleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c).

Upon conviction of the offense set forth in Counts Five and Six, the defendant,

JOSE IGNACIO OCHOA,
aka "Diver,"

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c), any firearm and ammunition involved in the commission of the offense, including, but not limited to, the following property:

INDICTMENT                                      4

1       a.     one Ruger Security-Six .357 magnum revolver, bearing serial number 157-48147; and

3       b.     six rounds of Hornaday ammunition.

If any of the property described above, as a result of any act or omission of the defendant:

      a.     cannot be located upon exercise of due diligence;

      b.     has been transferred or sold to, or deposited with, a third party;

      c.     has been placed beyond the jurisdiction of the court;

      d.     has been substantially diminished in value; or

      e.     has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

All pursuant to Title 18, United States Code, Section 924(d), Title 28, United States Code, Section 2461(c), and Federal Rule of Criminal Procedure 32.2.

DATED: August 6, 2020                                   A TRUE BILL.

                                                                               /s/
                                                                              FOREPERSON

DAVID L. ANDERSON
United States Attorney

*Samantha Schott Bennett*

SAMANTHA SCHOTT BENNETT
JONATHAN U. LEE
Assistant United States Attorneys

INDICTMENT                                            5