AO 257 (Rev. 6/78)

| DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT | FILED |
|---|---|

BY: ☐ COMPLAINT   ☐ INFORMATION   ☒ INDICTMENT

☒ SUPERSEDING

**— OFFENSE CHARGED —**

SEE ATTACHED.

☐ Petty
☐ Minor
☐ Misdemeanor
☒ Felony

PENALTY:  SEE ATTACHED.

Name of District Court, and/or Judge/Magistrate Location

NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

SEP 17 2020
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

**— DEFENDANT - U.S —**

▶ JOSE IGNACIO OCHOA AKA "DIVER"

DISTRICT COURT NUMBER

CR 20-00317 JSW

**— PROCEEDING —**

Name of Complaintant Agency, or Person (& Title, if any)

FBI, ATF, DEA

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. ATTORNEY   ☐ DEFENSE

SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant

MAGISTRATE CASE NO.

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

Name and Office of Person Furnishing Information on this form    DAVID L. ANDERSON

☒ U.S. Attorney   ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned)    Samantha Schott Bennett

**— DEFENDANT —**

**IS NOT IN CUSTODY**
Has not been arrested, pending outcome this proceeding.
1) ☒ If not detained give date any prior summons was served on above charges ▶ _____

2) ☒ Is a Fugitive

3) ☐ Is on Bail or Release from (show District) _____

**IS IN CUSTODY**
4) ☐ On this charge

5) ☐ On another conviction    ☐ Federal   ☐ State

6) ☐ Awaiting trial on other charges

If answer to (6) is "Yes", show name of institution _____

Has detainer been filed?  ☐ Yes  ☐ No    If "Yes" give date filed _____

DATE OF ARREST ▶    Month/Day/Year _____

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED TO U.S. CUSTODY ▶    Month/Day/Year _____

☐ This report amends AO 257 previously submitted

**— ADDITIONAL INFORMATION OR COMMENTS —**

PROCESS:
☐ SUMMONS   ☐ NO PROCESS*   ☒ WARRANT    Bail Amount: NO BAIL

If Summons, complete following:
☐ Arraignment   ☐ Initial Appearance

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Defendant Address: _____

Date/Time: _____    Before Judge: _____

Comments:



PENALTY SHEET FOR JOSE IGNACIO OCHOA, aka "DIVER"

**Count One: Conspiracy to Distribute and to Possess with Intent to Distribute Heroin, Cocaine, and Methamphetamine, 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(B)(viii), and 841(b)(1)(C)**
Maximum term of imprisonment: 40 years
Mandatory minimum term of imprisonment: 5 years
Maximum term of supervised release: Life
Mandatory minimum term of supervised release: 4 years
Maximum fine: $5,000,000
Mandatory special assessment: $100
Forfeiture
Denial of federal benefits

**Count Two: Possession with Intent to Distribute Cocaine, 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(ii)**
Maximum term of imprisonment: 40 years
Mandatory minimum term of imprisonment: 5 years
Maximum term of supervised release: Life
Mandatory minimum term of supervised release: 4 years
Maximum fine: $5,000,000
Mandatory special assessment: $100
Forfeiture
Denial of federal benefits

**Count Three: Possession with Intent to Distribute Heroin, 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(i)**
Maximum term of imprisonment: 40 years
Mandatory minimum term of imprisonment: 5 years
Maximum term of supervised release: Life
Mandatory minimum term of supervised release: 4 years
Maximum fine: $5,000,000
Mandatory special assessment: $100
Forfeiture
Denial of federal benefits

**Count Four: Possession with Intent to Distribute Methamphetamine, 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(viii)**
Maximum term of imprisonment: 40 years
Mandatory minimum term of imprisonment: 5 years
Maximum term of supervised release: Life
Mandatory minimum term of supervised release: 4 years
Maximum fine: $5,000,000
Mandatory special assessment: $100
Forfeiture
Denial of federal benefits

FILED

SEP 17 2020

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

**Count Five: Possession with Intent to Distribute Fentanyl, 21 U.S.C. §§ 841(a)(1) and (b)(1)(C)**
Maximum term of imprisonment: 20 years
Maximum term of supervised release: Life
Mandatory minimum term of supervised release: 3 years
Maximum fine: $1,000,000
Mandatory special assessment: $100
Forfeiture
Denial of federal benefits

**Count Six: Possession of a Firearm in Furtherance of a Drug Trafficking Crime, 18 U.S.C. § 924(c)(1)(A)(i)**
Maximum term of imprisonment: Life
Mandatory minimum term of imprisonment: 5 years
Maximum term of supervised release: 5 years
Maximum fine: $250,000
Mandatory special assessment: $100
Forfeiture

**Count Seven: Felon in Possession of a Firearm and Ammunition, 18 U.S.C. § 922(g)(1)**
Maximum term of imprisonment: 10 years
Maximum term of supervised release: 3 years
Maximum fine: $250,000
Mandatory special assessment: $100
Forfeiture

UNITED STATES DISTRICT COURT

FOR THE
NORTHERN DISTRICT OF CALIFORNIA

VENUE: OAKLAND - CR 20-00317 JSW

---

UNITED STATES OF AMERICA,

Plaintiff,

v.

JOSE IGNACIO OCHOA,
aka "Diver,"
LUIS CRUZ,
aka "Chita,"
LUIS RAMIREZ-CARRANZA,
aka "Chino,"
PHABEL GUTIERREZ,
aka "Faja,"
ANGEL MAGAÑA,
aka "Villain,"
ERNESTO MISSIEGO,
aka "Lil Neto,"
CHRISTIAN CERVANTES,
aka "Bam Bam,"
FRANCISCO CANO,
aka "Vaca,"
ARMANDO NAVARRO-PINONES,
aka "Viejon,"
SHEENA MIDDLETON,
aka "China,"
LUIS CABRERA,
aka "Guero,"
ALEXIS PEREZ,
aka "Alexis Perez-Morales,"
BRIAN ALVARENGA,
aka "Goofy," and
KEVIN VIDAL,
aka "Killa Kev,"

DEFENDANT(S).

FILED
SEP 17 2020
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

FILED
SEP 17 2020
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

# SUPERSEDING INDICTMENT

21 U.S.C. §§ 846, 841(a)(1), (b)(1)(B)(viii), and (b)(1)(C) – Conspiracy to Distribute and Possess with Intent to Distribute Heroin, Cocaine, and Methamphetamine;
21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(ii) – Possession with Intent to Distribute Cocaine;
21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(i) – Possession with Intent to Distribute Heroin;
21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(viii) – Possession with Intent to Distribute Methamphetamine;
21 U.S.C. §§ 841(a)(1) and (b)(1)(C) – Possession with Intent to Distribute Fentanyl;
21 U.S.C. §§ 841(a)(1) and (b)(1)(C) – Possession with Intent to Distribute Methamphetamine;
18 U.S.C. § 924(c)(1)(A)(i) – Possession of a Firearm in Furtherance of a Drug Trafficking Crime;
18 U.S.C. § 922(g)(1) – Felon in Possession of a Firearm and Ammunition;
18 U.S.C. § 922(o) – Transfer of Machinegun;
26 U.S.C. § 5861(d) – Possession of an Unregistered Firearm;
21 U.S.C. § 853, 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c) – Forfeiture Allegations

A true bill.

/s/ Foreperson of the Grand Jury

                                                  Foreman

Filed in open court this ___17th___ day of September, 2020_____.

                                                  Clerk

Bail, $ No Process

```
                                                              FILED

 1  DAVID L. ANDERSON (CABN 149604)                           SEP 17 2020
    United States Attorney
 2                                                          SUSAN Y. SOONG
                                                       CLERK, U.S. DISTRICT COURT
 3                                                     NORTH DISTRICT OF CALIFORNIA
 4
 5
 6
 7
 8                         UNITED STATES DISTRICT COURT
 9                        NORTHERN DISTRICT OF CALIFORNIA
10                                 OAKLAND DIVISION
11  UNITED STATES OF AMERICA,           )  CASE NO. CR 20-00317 JSW
                                        )
12         Plaintiff,                   )  VIOLATIONS:
                                        )
13     v.                               )
                                        )  21 U.S.C. §§ 846, 841(a)(1), (b)(1)(B)(viii), and
14  JOSE IGNACIO OCHOA,                 )  (b)(1)(C) – Conspiracy to Distribute and Possess with
        aka "Diver,"                    )  Intent to Distribute Heroin, Cocaine, and
15  LUIS CRUZ,                          )  Methamphetamine;
        aka "Chita,"                    )  21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(ii) – Possession
16  LUIS RAMIREZ-CARRANZA,              )  with Intent to Distribute Cocaine;
        aka "Chino,"                    )  21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(i) – Possession
17  PHABEL GUTIERREZ,                   )  with Intent to Distribute Heroin;
        aka "Faja,"                     )  21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(viii) –
18  ANGEL MAGAÑA,                       )  Possession with Intent to Distribute
        aka "Villain,"                  )  Methamphetamine;
19  ERNESTO MISSIEGO,                   )  21 U.S.C. §§ 841(a)(1) and (b)(1)(C) – Possession
        aka "Lil Neto,"                 )  with Intent to Distribute Fentanyl;
20  CHRISTIAN CERVANTES,                )  21 U.S.C. §§ 841(a)(1) and (b)(1)(C) – Possession
        aka "Bam Bam,"                  )  with Intent to Distribute Methamphetamine;
21  FRANCISCO CANO,                     )  18 U.S.C. § 924(c)(1)(A)(i) – Possession of a Firearm
        aka "Vaca,"                     )  in Furtherance of a Drug Trafficking Crime;
22  ARMANDO NAVARRO-PINONES,            )  18 U.S.C. § 922(g)(1) – Felon in Possession of a
        aka "Viejon,"                   )  Firearm and Ammunition;
23  SHEENA MIDDLETON,                   )  18 U.S.C. § 922(o) – Transfer of Machinegun;
        aka "China,"                    )  26 U.S.C. § 5861(d) – Possession of an Unregistered
24  LUIS CABRERA,                       )  Firearm;
        aka "Guero,"                    )  21 U.S.C. § 853, 18 U.S.C. § 924(d) and 28 U.S.C. §
25  ALEXIS PEREZ,                       )  2461(c) – Forfeiture Allegations
        aka "Alexis Perez-Morales,"     )
26  BRIAN ALVARENGA,                    )
        aka "Goofy," and                )
27  KEVIN VIDAL,                        )
        aka "Killa Kev,"                )
28                                      )
           Defendants.                  )

    SUPERSEDING INDICTMENT
    CR 20-00317 JSW
```

## SUPERSEDING INDICTMENT

The Grand Jury charges:

COUNT ONE: (21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(B)(viii) and (b)(1)(C) – Conspiracy to Distribute and Possess with Intent to Distribute Heroin, Cocaine, and Methamphetamine)

Beginning on a date unknown to the grand jury, but no later than on or about April 22, 2019, and continuing through at least May 29, 2020, in the Northern District of California, the defendants,

JOSE IGNACIO OCHOA,
aka "Diver,"
LUIS CRUZ,
aka "Chita,"
LUIS RAMIREZ-CARRANZA,
aka "Chino,"
PHABEL GUTIERREZ,
aka "Faja,"
ANGEL MAGAÑA,
aka "Villain,"
ERNESTO MISSIEGO,
aka "Lil Neto,"
CHRISTIAN CERVANTES,
aka "Bam Bam,"
FRANCISCO CANO,
aka "Vaca,"
ARMANDO NAVARRO-PINONES,
aka "Viejon,"
SHEENA MIDDLETON,
aka "China,"; and
LUIS CABRERA,
aka "Guero,"

and others known and unknown to the Grand Jury, did knowingly and intentionally conspire to distribute and possess with intent to distribute heroin, a Schedule I controlled substance; cocaine, a Schedule II controlled substance; and 50 grams and more of a mixture and substance containing a detectable amount of methamphetamine, its salts, isomers, and salts of its isomers, a Schedule II controlled substance, all in violation of Title 21, United States Code, Sections 846, 841(a)(1), (b)(1)(B)(viii), and (b)(1)(C).

///

///

///

SUPERSEDING INDICTMENT
CR 20-00317 JSW

2

1  COUNT TWO:          (21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(ii) – Possession with Intent to Distribute
2                      Cocaine)

3  On or about June 12, 2019, in the Northern District of California, the defendant,

4                                JOSE IGNACIO OCHOA,
                                      aka "Diver,"

6  did knowingly and intentionally possess with intent to distribute 500 grams and more of a mixture and
7  substance containing a detectable amount of cocaine, its salts, optical and geometric isomers, and salts
8  of its isomers, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections
9  841(a)(1) and (b)(1)(B)(ii).

11 COUNT THREE:        (21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(i) – Possession with Intent to Distribute
12                      Heroin)

13 On or about June 12, 2019, in the Northern District of California, the defendant,

14                               JOSE IGNACIO OCHOA,
                                     aka "Diver,"

16 did knowingly and intentionally possess with intent to distribute 100 grams and more of a mixture and
17 substance containing a detectable amount of heroin, a Schedule I controlled substance, in violation of
18 Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B)(i).

20 COUNT FOUR:         (21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(viii) – Possession with Intent to Distribute
21                      Methamphetamine)

22 On or about June 12, 2019, in the Northern District of California, the defendant,

                                 JOSE IGNACIO OCHOA,
23                                   aka "Diver,"

24 did knowingly and intentionally possess with intent to distribute 50 grams and more of a mixture and
25 substance containing a detectable amount of methamphetamine, its salts, isomers, and salts of its
26 isomers, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections
27 841(a)(1) and (b)(1)(B)(viii).

28

SUPERSEDING INDICTMENT
CR 20-00317 JSW                                  3

COUNT FIVE: (21 U.S.C. §§ 841(a)(1) and (b)(1)(C) – Possession with Intent to Distribute Fentanyl)

On or about June 12, 2019, in the Northern District of California, the defendant,

JOSE IGNACIO OCHOA,
aka "Diver,"

did knowingly and intentionally possess with intent to distribute a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

COUNT SIX: (18 U.S.C. § 924(c)(1)(A)(i) – Possession of a Firearm in Furtherance of a Drug Trafficking Crime)

On or about June 12, 2019, in the Northern District of California, the defendant,

JOSE IGNACIO OCHOA,
aka "Diver,"

did knowingly possess a firearm, namely, a Ruger Security-Six .357 magnum revolver, bearing serial number 157-48147, in furtherance of the drug trafficking crimes charged in Counts Two through Five of this Indictment, all in violation of Title 18, United States Code, Section 924(c)(1)(A)(i).

COUNT SEVEN: (18 U.S.C. § 922(g)(1) – Felon in Possession of a Firearm and Ammunition)

On or about June 12, 2019, in the Northern District of California, the defendant,

JOSE IGNACIO OCHOA,
aka "Diver,"

knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed a firearm, namely, one Ruger Security-Six .357 magnum revolver, bearing serial number 157-48147, loaded with ammunition, namely, six rounds of Hornaday ammunition, and the firearm and ammunition were in and affecting interstate and foreign commerce, all in violation of Title 18, United States Code, Section 922(g)(1).

SUPERSEDING INDICTMENT
CR 20-00317 JSW                          4

**COUNT EIGHT:** (21 U.S.C. §§ 841(a)(1) and (b)(1)(C) – Distribution of Methamphetamine)

On or about May 6, 2020, in the Northern District of California, the defendant,

ALEXIS PEREZ,
aka "Alexis Perez-Morales,"

did knowingly and intentionally distribute methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C).

**COUNT NINE:** (21 U.S.C. §§ 841(a)(1) and (b)(1)(C) – Distribution of Methamphetamine)

On or about May 29, 2020, in the Northern District of California, the defendant,

BRIAN ALVARENGA,
aka "Goofy,"

did knowingly and intentionally distribute methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C).

**COUNT TEN:** (18 U.S.C. §§ 922(o) and 2 – Transfer of a Machinegun)

On or about July 23, 2019, in the Northern District of California, the defendants,

LUIS RAMIREZ-CARRANZA,
aka "Chino," and
KEVIN VIDAL,
aka "Killa Kev,"

unlawfully transferred a machinegun (any part designed and intended solely and exclusively for use in converting a weapon into a weapon that shoots and is designed to shoot automatically more than one shot, without manual reloading, by a single function of the trigger), specifically, a Glock conversion switch, and aided and abetted the same, in violation of Title 18, United States Code, Sections 922(o) and Section 2.

///

///

///

SUPERSEDING INDICTMENT
CR 20-00317 JSW                             5

COUNT ELEVEN:   (26 U.S.C. §§ 5861(d) – Possession of Unregistered Firearm)

On or about July 23, 2019, in the Northern District of California, the defendants,

KEVIN VIDAL,
aka "Killa Kev,"

did knowingly possess a machinegun, to wit, a Glock conversion switch, which was not registered to them in the National Firearms Registration and Transfer Record, in violation of Title 26, United States Code, Sections 5841, 5845(b), 5861(d), and 5871.

FIRST FORFEITURE ALLEGATION:   (21 U.S.C. § 853(a))

The allegations contained above are hereby re-alleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 21, United States Code, Section 853(a).

Upon conviction of any of the offenses alleged in Counts One through Five and Eight through Nine above, the defendants,

JOSE IGNACIO OCHOA,
aka "Diver,"
LUIS CRUZ,
aka "Chita,"
LUIS RAMIREZ-CARRANZA,
aka "Chino,"
PHABEL GUTIERREZ,
aka "Faja,"
ANGEL MAGAÑA,
aka "Villain,"
ERNESTO MISSIEGO,
aka "Lil Neto,"
CHRISTIAN CERVANTES,
aka "Bam Bam,"
FRANCISCO CANO,
aka "Vaca,"
ARMANDO NAVARRO-PINONES,
aka "Viejon,"
SHEENA MIDDLETON,
aka "China,"
LUIS CABRERA,
aka "Guero,"
ALEXIS PEREZ,
aka "Alexis Perez-Morales"; and
BRIAN ALVARENGA,
aka "Goofy,"

shall forfeit to the United States all right, title, and interest in any property constituting and derived from any proceeds defendant obtained, directly or indirectly, as a result of such violations, and any property used, or intended to be used, in any manner or part, to commit or to facilitate the commission of such violations.

If any of the property described above, as a result of any act or omission of the defendant:

a. cannot be located upon exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

All pursuant to Title 21, United States Code, Section 853, and Federal Rule of Criminal Procedure 32.2.

SECOND FORFEITURE ALLEGATION:   (18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c))

The allegations contained in this Indictment are re-alleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c).

Upon conviction of the offense set forth in Counts Six through Seven, and Ten through Eleven, the defendants,

JOSE IGNACIO OCHOA,
aka "Diver,"
LUIS RAMIREZ-CARRANZA,
aka "Chino," and
KEVIN VIDAL,
aka "Killa Kev,"

SUPERSEDING INDICTMENT
CR 20-00317 JSW                                                    7

1  shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d) and Title 28,
2  United States Code, Section 2461(c), any firearm and ammunition involved in the commission of the
3  offense, including, but not limited to, the following property:
4      a.   one Ruger Security-Six .357 magnum revolver, bearing serial number 157-48147;
5           and
6      b.   six rounds of Hornaday ammunition.
7  If any of the property described above, as a result of any act or omission of the defendant:
8      a.   cannot be located upon exercise of due diligence;
9      b.   has been transferred or sold to, or deposited with, a third party;
10     c.   has been placed beyond the jurisdiction of the court;
11     d.   has been substantially diminished in value; or
12     e.   has been commingled with other property which cannot be divided without
13          difficulty,
14 the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21,
15 United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).
16     All pursuant to Title 18, United States Code, Section 924(d), Title 28, United States Code,
17 Section 2461(c), and Federal Rule of Criminal Procedure 32.2.

19 DATED: September 17, 2020                          A TRUE BILL.

21                                                   /s/
                                                     FOREPERSON

23 DAVID L. ANDERSON
   United States Attorney
24
25 *Samantha Schott Bennett*

26 SAMANTHA SCHOTT BENNETT
   JONATHAN U. LEE
27 Assistant United States Attorneys
28

SUPERSEDING INDICTMENT
CR 20-00317 JSW                                  8